# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHRIS SEVIER, JOHN GUNTER JR, WHITNEY KOHL, JOAN GRACE HARLEY<br><br>V.<br><br>KAY IVEY, in her official capacity as Governor of Alabama; STEVE MARSHALL, in his official capacity as Attorney General of Alabama; CHRIS GREEN, in his official capacity as County Commissioner of Blount County | Case No: 2:17-cv-01473-SGC |

## UNOPPOSED MOTION FOR LEAVE FOR THE AMERICAN FAMILY ASSOCIATION OF PA TO APPEAR *AMICUS CURIAE* IN SUPPORT OF THE PLAINTIFFS' ESTABLISHMENT CLAUSE CLAIM ONLY

NOW COMES, the American Family Association of PA, by and through Counsel, respectfully seeking leave to file *Amici Curiae*. The attached brief partially supports and partially opposes the Plaintiffs' causes of action.[1] A lot of

---

[1] *Amici* believe that this Honorable Court should deny the Plaintiffs' claims under the Fourteenth Amendment for the same reason that the Supreme Court in *Obergefell v. Hodges,* 135 S.Ct. 2584 (2015) should have denied the self-identified homosexual petitioners marriage demand under the Fourteenth Amendment: a lack of Subject Matter Jurisdiction.  However, *Amici* believes that this Honorable Court should grant the Plaintiffs' claims under the Establishment Clause for it is the controlling Constitutional prescription that informs all of the States which marriages they can respect, recognize, and endorse.

the research for this brief was conducted by the committee for Justice.[2] This brief ties in with the briefs filed by the Center For Garden State Families, the National Association of Black Pastors, and the Coalition of Doctors Defending Reparative Therapy. The attached brief gives an analysis for why the government cannot rely on the "consent norm" in legally defining marriage. The brief offers a discourse on why this Court must select between a binary - the "historic norm" and the "total equality" norm in legally defining marriage. *Amicus* provides legal arguments so that this Court can apply a principled application of the Establishment Clause and reverse the prior courts' decision to misuse the Fourteenth Amendment in defining marriage.

*Amicus*, American Family Association of PA, http://afaofpa.org/, has an interest in the outcome of this case. As taxpayers, *Amicus* also has standing to enjoin the Defendants under the Establishment Clause for creating and enforcing policies that entangle the government with the religion of Secular Humanism. *Amicus* encourages Christians, through education, to become involved in

---

[2] Many lawyers and researchers helped write this brief, however, because the Plaintiffs, declarants, and Attorneys of record for the Plaintiffs in other cases are being threatened by zealous Secular Humanists, several *Amici* will file through the same counsel. (See the Declaration of Pastor Penkoski). Counsel for *Amici* appears pro-bono because she believes these matters must be fully litigated. Counsel asks that any restrictions and fees - if any - be waived. This is an important case that impacts the public's safety health and welfare where the Court is being asked to interpret the Constitution. (Once the case is appealed to the Circuit Court and the United States Supreme Court, additional lawyers will appear on behalf of all of the various *Amici Curiae*.)

pro-family issues in their community, state and the nation. This is some of what has been going on in the Commonwealth and the nation. *Amicus* is the state affiliate of the Tupelo, MS-based American Family Association. Statement of Purpose:

1.) To make a positive difference in our community by standing up for traditional Judeo-Christian values. 2.) To encourage the faith community to break the silence on controversial issues and be a voice for pro-family values. 3.) To provide leadership in defending the Biblical ethic of decency. 4.) To educate the public on the negative effects of pornography and violence in the media. 5.) To do what we can to encourage, promote and defend families. 6.) To protect children from those who would seek to commercialize or propagandize them.

*Amicus* dedicates a lot of time and resources on uncovering and exposing the homosexual agenda. http://afaofpa.org/archives/category/homosexual-agenda/. While *Amicus* loves all people, it opposes ideology that is mask for immorality and that is subversive to human flourishing. There is no doubt that gay marriage policy and sexual orientation mythology comes directly out of the religion of Secular Humanism.

"Although there is no formal rule governing the filing of amicus curiae briefs, district courts possess the inherent authority to grant or refuse leave to amicus parties." *Georgia Aquarium, Inc. v. Pritzker,* 135 F.Supp.3d 1280 (N.D.Ga.2015). "A district court exercises wide discretion in deciding whether to grant or deny leave to file an amicus brief." *United States v. Board of County*

*Commissioners of the County of Otero,* 184 F.Supp.3d 1097 (D.N.M. 2015). See also: Brief of an Amicus Curiae FRAP Rule 29;; Pleadings Allowed; Form of Motions and Other Papers FRCP Rule 7. This is a Constitutional action and given what is at stake leave should be given.

The Plaintiffs in this case and others have filed similar cases to this one in other District Courts throughout the United States. The Courts have granted leave upon the request of other *Amicus* Filers. (See Attached order in *Gunter v. Bryant*). This Brief ties in with other briefs in the record that cross reference the instant brief.

This action is not frivolous but is an actual case and controversy that meets the Supreme Court's standard in *Golden v. Zwickler,* 394 U.S. 103, 110 (1969). Leave should be granted because "Stare Decisis" does not keep *Obergefell v. Hodges,* 135 S.Ct. 2584 (2015) from being overruled. The Supreme Court found that "questions which merely lurk in the record, neither brought to attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Industries, Inc. v. Aviall Services, Inc.* 543 U.S. 157 (2004). The Establishment Clause claims were "lurking" in the record but undecided in *Obergefell*. "[Stare Decisis]is at its weakest when [the courts] interpret the Constitution because our interpretation can be altered only by

constitutional amendment or by overruling our prior decisions." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 63, 116 S.Ct. 1114, 1127, 134 L.Ed.2d 252 (1996); *St. Joseph Stock Yards Co. v. United States*, 298 U.S. 38, 94, 56 S.Ct. 720, 744, 80 L.Ed. 1033 (1936) (Stone and Cardozo, JJ., concurring in result) ("The doctrine of stare decisis ... has only a limited application in the field of constitutional law"). The District Court in this case is being asked to re-interpret the Constitution correctly.[3]

Judges and politicians in the other branches are human. They make mistakes. *Amici's* brief may help the Court relegate *Obergefell* to the line of overruled Supreme Court cases.

    While in the wake of *Obergefell v. Hodges,* 135 S. Ct. 2584 (2015), there has been no landrush on gay marriage, there has been a landrush on the LGBTQ church to infiltrate elementary schools with the intent of indoctrinating minors to a worldview on sex that is questionably legal, moral, and obscene and is clearly non-secular. The Supreme Court has emphasized that there are "heightened

---

[3] By allowing the Amicus filer to submit its brief it can allow to this Honorable Court and the Defendants to do its job under the Article 6 of the United States Constitution which reads:This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.The Senators and Representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution.

concerns with protecting freedom of conscience from subtle coercive pressure in the elementary and secondary public schools," *Lee v. Weisman*, 505 U.S. 577, 592 (1992), and the federal courts have thus "been particularly vigilant in monitoring compliance with the Establishment Clause" in the public-school context, see *Edwards v. Aguillard,* 482 U.S. 578-583 (1987). These "heightened concerns" should compel this Honorable Court to grant leave for *Amicus* to file so that children can be better safeguarded.

In the wake of *Obergefell,* Christians throughout the United States have been intimidated, persecuted, and marginalized by brainwashed Secular Humanists and the intolerant LGBTQ community. Some of the members of AFA have been targeted. By granting leave, the Court will be in a better position to make the correct decision that might restore Constitutional integrity and the Court's inherent authority.

/s/Anna C. Little, Esq./
Attorney at Law 426
Route 36, suite 3 PO Box
382 Highlands, NJ 07732
732 708 1309, 732 391 2134 fax
anna@annaclittleesq.com
www.annaclittleesq.com
Attorney For Amicus Curiae

## CERTIFICATE OF SERVICE

A true copy of the foregoing will be served electronically via email to the email of

recordon ECF upon all counsel of record and is also being served via First Class Mail and/or electronic mail upon the f ollowing on this the 31th day of January 25, 2018: Brad A. Chynoweth State of Alabama Office of the Attorney General 501 Washington Avenue Post Office Box 300152 Montgomery, AL 36130 334.242.7997 Fax: 334.353.8440 Email: bchynoweth@ago.state.al.us; Jamie Helen Kidd WEBB & ELEY PC 7475 Halcyon Pointe D rive P O Box 240909 Montgomery, AL 36124 334-262-1850 Fax: 334-262-1772 Email: JKidd@webbeley.com.

/s/Anna C. Little, Esq./